IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, <br><br> Defendants. | Case No. 23cv14016 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff, SHENZHEN JISU TECHNOLOGY CO., LTD., ("Plaintiff"), by and through its counsel, submit this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, temporary asset restraint, and expedited discovery (the "Motion").

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff's Motion seeks temporary *ex parte* relief against the Defendants named in Plaintiff's Complaint for patent infringement pursuant to the provisions of the Patent Act, U.S.C. § 283, 35 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. As alleged in the Plaintiff's Complaint, Defendants are offering for sale and/or selling unauthorized and unlicensed infringing products, using the federally registered patent number U.S. D886,982 (hereinafter the "'982 Patent"), entitled "FOLDABLE FAN," through the fully interactive, commercial Internet stores on Amazon.com, eBay.com, and Walmart.

1

On information and belief, Defendants run a sophisticated operation, and are reaching out to do business with Illinois residents by operating one or more commercial Internet storefronts, through which Illinois residents can purchase infringing '982 Patent products. The Defendants attempt to avoid liability by going to great lengths to conceal both their identity and the full scope and interworking of their infringing operation. As such, Plaintiff is forced to file this action to protect its intellectual property rights in its patent, as well as to stop Defendants from offering infringing goods of questionable quality to their customers. Defendants' ongoing unlawful acts should be enjoined, and the Court should grant Plaintiff's Motion.

II. **STATEMENT OF FACTS**

Plaintiff distributes and sells foldable fans and related products in the United States via different online storefronts. *See* Declaration of Jiahang Xie, ¶2, attached hereto as Exhibit A. Plaintiff is the owner of the '982 Patent. Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the products covered by the '982 patent and effort in obtaining the exclusive license of the '982 patent. Over time, Plaintiff has invested heavily in the foldable fan products. Declaration of Jiahang Xie at ¶ 3. As a result, products based on the '982 Patent are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. The widespread fame, outstanding reputation, and significant goodwill associated with '982 Patent foldable fan products has made the '982 Patent an invaluable asset of Plaintiff.

The success of '982 Patent-based foldable fan products has resulted in the infringing behavior by Defendants looking to capitalize on the successful and protected invention. Consequently, Plaintiff has been required to begin responding to these illegal actions to protect

the patent and discourage future cases of infringement. Among the first occurrences are the Defendant Internet stores, which were offering for sale and/or selling infringing '982 Patent-derived products to consumers in this Judicial District and throughout the United States.

III. **ARGUMENTS & AUTHORITY**

Federal Rule of Civil Procedure 65(b) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specifics facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Plaintiff seeking an *ex parte* restraining order must also show: "(1) a likelihood that it will prevail on the merits of the lawsuit, (2) that it will suffer irreparable harm without injunctive relief, and (3) that there is no adequate remedy at law." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 98248, at *4 (N.D. Ill. Mar. 27, 2013) (citing *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). "If these requirements are met, the court must then balance the degree of irreparable harm to the Plaintiff against the harm that the defendant will suffer if the injunction is granted." *Deckers*, 2013 U.S. Dist. LEXIS 98248 at *4 (citing Incredible Techs., 400 F.3d at 1011)); *see also Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998). "The court must apply a sliding scale approach in determining whether to issue a temporary restraining order - the more likely the Plaintiff will succeed on the merits, the less the balance of irreparable harms needs to be to favor the Plaintiff's position." *Decker*, 2013 U.S. Dist. LEXIS 98248 at *4 (citing *TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)). "Lastly, the court must consider the public interest (non-parties) in denying or granting the injunction." *Decker*, 2013 U.S. Dist. LEXIS 98248 at *4. Finally, courts in this

District have held that "proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the infringers before temporary injunctive and impoundment relief can be granted." *Columbia Pictures Indus. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996). As such, Plaintiff respectfully requests that this Court issue the requested *ex parte* TRO.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Venue is proper pursuant to 28 U.S.C. § 1391. This Court may properly exercise personal jurisdiction over the Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through their commercial Defendant Internet Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating an interactive Defendant Internet Stores through which Illinois residents can purchase infringing products. See Complaint at ¶¶ 3, 5, 6, 19 and 20. *See, e.g.*, *Christian Dior Couture, S.A. v. Lei Liu, et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendants offering to sell alleged infringing products to United States residents, including Illinois; no actual sale required). Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

A. **Plaintiff is Likely to Prevail on the Merits of Their Patent Infringement Claims**

Plaintiff is more than likely to succeed on the merits in this case. Patent infringement occurs where a defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To prevail on a claim for patent infringement, Plaintiff must first show that "the public interest is best served by enforcing patents that are likely valid and infringed." *Abbot Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006).

Under the *ordinary observer* test, the products sold on Defendants' online storefronts are substantially similar to the patented design such that an ordinary observer would be deceived into thinking that the Infringing Products are the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008). As shown in the claim chart, all major design elements of the '982 patent are included in the infringing products. *See* Exhibit A-2.

In this case, Plaintiff's '982 Patent is novel and registered with the United States Patent and Trademark Office. The registration for the '982 Patent is valid, subsisting, and in full force and effect. The registration for the '982 Patent constitutes *prima facie* evidence of its validity. Furthermore, Plaintiff has not licensed or authorized the Defendants to use the '982 Patent, and the Defendants are not authorized retailers of genuine '982 Patent-derived products.

Plaintiff has submitted extensive documentation showing that the Defendants are selling Infringing '982 Patent-derived products that contain all elements of the claim of the '982 patent. *See* Exhibit A-3. Both Plaintiff and the Defendants advertise and sell their products to consumers via the Internet, targeting consumers looking for genuine '982 Patent-derived foldable fan products. Those consumers are diverse with varying degrees of sophistication, and they are likely to have difficulty distinguishing genuine '982 Patent-derived products from Infringing '982 Patent-derived products. Indeed, it appears that the Defendants are intentionally trying to induce

consumers looking for genuine '982 Patent-derived products to purchase Infringing '982 Patent-derived products instead. In that regard, the Defendants advertise foldable fan products that are nearly indistinguishable from original '982 Patent-derived foldable fans.

    B.    **Plaintiff will Suffer an Immediate and Irreparable Injury in the Absence of Preliminary Relief**

Plaintiff will suffer an immediate and irreparable injury absent an *ex parte* temporary restraining order. Without the entry of an *ex parte* restraining order, Defendants will continue to offer infringing goods. Defendants will most likely simply close the accused Amazon.com, eBay.com, and Walmart Marketplace Stores and open new ones on the same or different platforms, as well as relocating their ill-gotten gains to different payment accounts or even relocating the funds to China. *See* Declaration of Ge (Linda) Lei, ¶ 4-5, attached hereto as Exhibit B. In fact, this district has already specifically recognized that "proceedings against those who deliberately traffic in infringing merchandise is often useless if notice is given to the infringers." *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996). In light of these facts, entry of an *ex parte* restraining order and asset freeze is the only way to stop Plaintiff from suffering an immediate and irreparable injury, and the only way to stop the Defendants from evading Plaintiff's enforcement of its patent rights.

    C.    **Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction**

Defendants, as knowing and intentional infringers, are entitled to little consideration in terms of balancing the harms. "As willful infringers, Defendants are entitled to little equitable consideration." *Bulgari, S.P.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14-cv-4819, 2014 U.S. Dist. LEXIS 107218, at *21 (N.D. Ill. July 18, 2014) "When considering the balance of hardships between the parties in infringement cases, courts generally

6

favor the trademark owner." *Bulgari*, 2014 U.S. Dist. LEXIS 107218, at *21 ((citing *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994)). "This is because '[o]ne who adopts the mark of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived.'" *Bulgari*, 2014 U.S. Dist. LEXIS 107218, at *21 (citing *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992)). "Therefore, the balance of harms 'cannot favor a defendant whose injury results from the knowing infringement of the Plaintiff's trademark.'" *Bulgari*, 2014 U.S. Dist. LEXIS 107218, at *21 (citing *Malarkey-Taylor. Assocs., Inc. v. Cellular Tele-comms. Indus. Ass'n*, 929 F. Supp. 473, 478 (D.D.C. 1996)). Finally, the "court must apply a sliding scale approach in determining whether [to] issue a temporary restraining order – the more likely the Plaintiff will succeed on the merits, the less the balance of irreparable harm needs to favor the Plaintiff's position." *Tory Burch LLC v. P'ships*, No. 13 C 2059, 2013 U.S. Dist. LEXIS 43173, at *5 (N.D. Ill. Mar. 27, 2013).

Plaintiff has demonstrated an extremely high likelihood of success on the merits. There is absolutely no question at all that the Defendants have committed patent infringement. *See Supra* at *3. As such, the balance of equities weighs most heavily in favor of Plaintiff. Finally, the Defendants have blatantly and willfully engaged in acts of patent infringement, and as such, "the balance of harms cannot favor" them. *Bulgari*, 2014 U.S. Dist. LEXIS 107218 at * 21. For these reasons alone, this Court must enter an *ex parte* restraining order as well as the requested asset seizure. Additionally, the injury to the public is significant, and the injunctive relief that Plaintiff seek is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

IV. **THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE**

7

The U.S. Code authorizes courts to issue injunctive relief "accordance with the principles of equity to prevent the violation of any right secured by patent …." 35 U.S.C. § 283.

      A.      **A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of Plaintiff's '982 Patent is Appropriate**

In relief, Plaintiff seeks a temporary restraining order against the Defendants, enjoining them from making, use, selling, or offering for sale the infringing goods which infringe upon the '982 Patent. Furthermore, Plaintiff seeks a temporary asset freeze in order to ensure the availability of permanent relief given the likelihood that the Defendants will simply transfer their assets in an attempt to evade any judgment against them entered by this Court. First, infringing parties regularly transfer funds out of reach of U.S. courts and Plaintiff once they receive notice of a lawsuit. Second, these types of relief have been found wholly appropriate in similar cases by Courts in this District. *See, e.g.*, *Oakley, Inc. v. Does 1-100*, No. 12-cv-9864 (N.D. Ill. Dec. 14, 2012) (Dow, J.) (granting *ex parte* application for temporary restraining order including the transfer of domain names, freezing of Defendants' financial accounts, and service of process by electronic publication and electronic mail); *True Religion Apparel, Inc. v. Does 1-100*, No. 12-cv-9894 (N.D. Ill. Dec. 20, 2012) (Coleman, J.) (same); Tory Burch LLC v. Zhong Feng, et al., No. 12-cv-9066 (N.D. Ill. Nov. 15, 2012) (Bucklo, J.) (same); Coach, Inc., et al v. Does 1-100, No. 12-cv-8963 (N.D. Ill. Nov. 15, 2012) (Bucklo, J.) (same); Tory Burch LLC v. Does 1-100, No. 12-cv-07163 (N.D. Ill. Sep. 14, 2012) (Lee, J.) (same); Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n, No. 13 C 2167, 2013 U.S. Dist. LEXIS 98248, at *25-26 (N.D. Ill. Mar. 27, 2013) (same).

The freezing of assets "is also appropriate in this case because Defendants may otherwise transfer their financial assets to overseas accounts, thereby depriving the Plaintiff of final relief." *See Reebok Int'l Ltd. v. Marnatech Enters., Inc*., 970 F.2d 552, 559 (9th Cir. 1992) ("A request

for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question ... were profits of the [defendants] made by unlawfully stealing [the Plaintiff's] services, the freeze is appropriate and may remain in place pending final disposition of this case."). Without an asset seizure in place, Defendants are highly likely to simply disappear into the night, leaving Plaintiff and this Court powerless to redress their unlawful acts, and in such cases, numerous courts in this circuit have held that an asset seizure is warranted.

### B.  Plaintiff Is Entitled to Expedited Discovery

In addition, Plaintiff seeks expedited discovery to discover which bank systems and payment accounts Defendants use in their infringing operations. The purpose is to identify any additional financial accounts used by the Defendants in order to freeze any assets therein to halt Defendants' infringing activities. "Federal Rule of Civil Procedure 26(d) explains that parties may generally serve discovery only after a Rule 26(f) conference, 'except ... when authorized by ... court order.' To determine whether to authorize expedited discovery in a particular case, courts generally apply a "good cause" standard." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 98248, at *28 (N.D. Ill. Mar. 27, 2013), citing Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). In this case, much like was the case in *Deckers*, "there is good cause to allow for expedited discovery." *Id*. at *28-29. "Because the Defendants in this case are located overseas and have gone to great lengths to conceal their identities and avoid detection, it is likely that this Court's restraining order would be of little value if the Plaintiff is unable to discover the Defendants' bank accounts and serve the financial

9

institutions maintaining those accounts." *Id*. In light of this, Plaintiff respectfully requests this Court grant its Motion.

      C.      **Preventing the Fraudulent Transfer of Assets Is Appropriate**

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of infringing '982 Patent-derived products is not impaired. Issuing an *ex parte* restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in China, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when a Plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of its patent infringement claim, so the Plaintiff is entitled, "subject to the principles of equity, to recover ... defendants' profits." Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve relief sought by Plaintiff.

In *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, the Northern District of Illinois entered an asset restraining order in a trademark infringement case brought by a tobacco company against owners of a store selling infringing cigarettes. *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005). The Court

recognized that it was explicitly allowed to issue a restraint on assets for lawsuits seeking equitable relief. *Id*. (citing *Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund*, 527 U.S. 308, 325 (1999)). Because the tobacco company sought a disgorgement of the store owner's profits, an equitable remedy, the Court found that it had the authority to freeze the store owner's assets. *Id*.

Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Accordingly, an asset restraint is proper.

V. **A BOND SHOULD SECURE THE INJUNCTIVE RELIEF**

Federal Rule of Civil Procedure 65(c) states that a "court may issue a preliminary or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The "amount of the bond required by Rule 65(c) rest within the discretion of the trial court". *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989) (*citing Stockslager v. Carroll Elec. Cooperative Corp.*, 528 F.2d 949, 951 (8th Cir. 1976). In this case, Plaintiff states that a bond of $10,000 is more than sufficient given "Plaintiff's strong likelihood of success." *Deckers*, 2013 U.S. Dist. LEXIS 98248 at *29.

VI. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court enter the attached order temporarily restraining enjoining the Defendants from manufacturing, importing, distributing, offering for sale, or selling infringing '982 Patent-derived products, temporarily restrain the assets of Defendants, and grant expedited discovery under Patent Act, 35 U.S.C. §

11

283, 35 U.S.C. § 101. Court enters a Temporary Restraining Order in the form submitted herewith.

| | |
|---|---|
| DATED September 22, 2023 | Respectfully submitted, |
| | /s/ Ge (Linda) Lei<br>Ge (Linda) Lei<br>203 N. LaSalle St., Suite 2100<br>Chicago, IL 60601<br>Attorney No. 6313341<br>Linda.lei@getechlaw.com<br>312-888-6633 |
| | /s/ Jun Ye<br>Jun Ye (Pro Hac Vice to be filed)<br>Jun.ye@getechlaw.com<br>New York Bar No.: 5098116 |
| | *ATTORNEY FOR PLAINTIFF* |