# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Shenzhen Jisu Technology Co., LTD | ) | |
| | ) | |
| Plaintiff | ) | Case No: 23 C 14016 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Judge: Lindsay C. Jenkins |
| The Entities and Individuals Identified in Annex A | ) | |
| | ) | |
| Defendant | ) | |

## Order

Plaintiff's motion for leave to file under seal [5], ex parte motion for a temporary restraining order [3], and motion for electronic service of process [4] are granted. Plaintiff's submissions establish that, were Defendants to learn of these proceedings before the execution of Plaintiff's requested preliminary injunctive relief, there is a significant risk that Defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, Plaintiff may for now file under seal the documents identified in the motion to seal and appearing at docket entry [2]. The Temporary Restraining Order being entered along with this minute order shall also be placed under seal. In addition, for the purpose of the motions cited above, Plaintiff's filings support proceeding (for the time being) on an ex parte basis. Specifically, and as noted above, were defendants to be informed of this proceeding before a TRO could issue, it is likely assets and websites would be redirected, thus defeating Plaintiff's interests in identifying defendants, stopping Defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by Plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to plaintiff is irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to defendants from an order directing them to stop infringement. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to Defendants. As other judges in this District have noted, there may be reason to question both the propriety of the joinder of all Defendants in this one action and whether plaintiff will pursue an accounting (which Plaintiff asserts as justification for an asset freeze), but at this preliminary stage, the court is persuaded that Plaintiff has provided sufficient evidence of coordinated activity and the prospect of an accounting to justify the requested relief as to all Defendants. Expedited discovery is warranted to identify defendants and to implement the asset freeze. If any defendant appears and objects, the court will revisit the asset freeze and joinder. Enter Sealed Temporary Restraining Order.

.

Date: September 25, 2023

Lindsay C. Jenkins
United States District Court Judge