**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD. | |
| Plaintiff, | Case No. 23-cv-14016 |
| v. | **Judge Lindsay C. Jenkins** |
| THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, | |
| Defendants. | |

**SEALED TEMPORARY RESTRAINING ORDER**

Plaintiff SHENZHEN JISU TECHNOLOGY CO., LTD.'s ("Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Temporary Injunction, Temporary Asset Restraint, Expedited Discovery, and Motion for Electronic Service of Process Pursuant to Fed. R.Civ.P.4(f)(3) (the "Motions") against the fully interactive, e- commerce stores operating under the seller aliases identified in Annex A to the Amended Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Annex A (the "Defendant Domain Names"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United

States, including Illinois, and have sold products using infringing versions of Plaintiff's federally registered patent (the "Plaintiff's Patent") to residents of Illinois. Plaintiff's Patent is included in the below chart.

| Patent Number | Date of Patent |
|---|---|
| US D886,982 S | June 9, 2020 |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declarations of Jiahang Xie and Ge (Linda) Lei in support of the Motions and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using Plaintiff's Patent or any infringing reproductions or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's Patent product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Patent;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's Patent product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using Plaintiff's Patent;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  further infringing Plaintiff's Patent and damaging Plaintiff's goodwill;

e.  otherwise competing unfairly with Plaintiff with regards to Plaintiff's Patent;

f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which utilize Plaintiff's Patent, or any infringing reproductions or colorable imitations thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell infringing Plaintiff's Patent derived products; and

h.  operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product utilizing Plaintiff's Patent or any reproduction, infringing copy or colorable imitation thereof that is not a genuine Plaintiff's Patent

product or not authorized to be sold by Plaintiff in connection with Plaintiff's Patent.

2. Defendants and their officers, affiliates, agents, and employees shall not transfer or dispose of any money or other of Defendants' assets until further ordered by this Court.

3. Plaintiff is authorized to issue expedited written discovery to Defendants and their officers, affiliates, agents, and employees and any third parties receiving actual notice of this order, including without limitation, any online marketplace platforms such as Amazon.com, Walmart.com, eBay.com (collectively, the "Third Party Providers"), pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations and all contact information of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses, and any entities having any ownership or control over the Third Party Providers marketplace stores operated by Defendants, and any other online accounts under the operation or control of the individuals operating the foregoing online marketplace accounts;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any and all financial accounts owned, operated, or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons

acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Those in privity with Defendants and those with notice of the restraining order, including the Third Party Providers as defined in Paragraph 3 shall, within seven (7) calendar days after receipt of such notice:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods utilizing Plaintiff's Patent;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Plaintiff's Patent;

    c. take all steps necessary to prevent links to the Defendant Domain Names identified on Annex A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant

Domain Names and make them inactive and untransferable until further order by this Court.

6. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), any banks, credit card companies, or payment processing companies such as PayPal, shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant

Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

7. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 6, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Plaintiff's Patent.

8. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. restrain and enjoin any such accounts or funds that are not U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court, including allowing the transfer of any accounts and/or funds internationally.

9. Amazon Payments, Inc. ("Amazon") and its related companies and affiliates shall, within seven (7) calendar days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to Defendants as identified on Annex "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the Seller IDs identified on Annex "A" hereto; Amazon shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which

have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon's security interest in the funds) without the express authorization of this Court;

10. eBay Inc. ("eBay") and its related companies and affiliates shall, within seven (7) calendar days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the eBay accounts related to Defendants as identified on Annex "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other eBay accounts subject to this Order; and (iii) any other eBay accounts tied to or used by any of the Seller IDs identified on Annex "A" hereto; eBay shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by eBay for any purpose (other than pursuant to a chargeback made pursuant to eBay's security interest in the funds) without the express authorization of this Court;

11. Walmart Inc. ("Walmart") and its related companies and affiliates shall, within seven (7) calendar days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Walmart accounts related to Defendants as identified on Annex "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Walmart accounts subject to this Order; and (iii) any other Walmart accounts tied to or used by any of the sellers identified on Annex "A" hereto; Walmart shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Walmart for any purpose (other than pursuant to a chargeback made pursuant to Walmart's security interest in the funds) without the express authorization of this Court;

12. PayPal Holdings, Inc. ("PayPal") and its related companies and affiliates shall, within seven (7) calendar days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the PayPal accounts related to Defendants as identified on Annex "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other

PayPal accounts subject to this Order; and (iii) any other PayPal accounts tied to or used by any of the Seller IDs identified on Annex "A" hereto; PayPal shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by PayPal for any purpose (other than pursuant to a chargeback made pursuant to PayPal's security interest in the funds) without the express authorization of this Court;

13. Payoneer.com ("Payoneer") and its related companies and affiliates shall, within seven (7) calendar days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Payoneer accounts related to Defendants as identified on Annex "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Payoneer accounts subject to this Order; and (iii) any other Payoneer accounts tied to or used by any of the sellers identified on Annex "A" hereto; Payoneer shall further, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related

financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Payoneer for any purpose (other than pursuant to a chargeback made pursuant to Payoneer's security interest in the funds) without the express authorization of this Court;

14. Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Amended Complaint, this Order, and other relevant documents on a website or by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes such relevant documents. The Clerk of the Court is directed to issue a single original summons in the name of "the Entities and Individuals Identified in Annex 'A' of the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

15. Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

16. Plaintiff's Amended Complaint [2] and Exhibits, Annex A to the Amended Complaint, Plaintiff's Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, temporary asset restraint, and expedited discovery [3], Plaintiff's Motion for Alternative Service [4] and this Order shall remain sealed until further ordered by this Court.

17. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court ten thousand dollars ($10,000.00), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

18. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

19. This Temporary Restraining Order without notice is entered at 9:00 A.M. on this 25th day of September 2023 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by 10/9/2023.

Enter: 23-14013

_____

Judge Lindsay C. Jenkins
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD. | |
| Plaintiff, | Case No. 23-cv-14016 |
| v. | **Judge Lindsay C. Jenkins** |
| THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, | |
| Defendants. | |

# ANNEX A

| No. | Defendant Name / Alias |
|:---:|:---:|
| 1 | GogomartEU |
| 2 | Nezylaf |
| 3 | Joylifetech |
| 4 | SWEETFULL |
| 5 | HonHey Direct |
| 6 | Rolitwils |
| 7 | Hao Hui Technology |
| 8 | LETSCOL |
| 9 | HelloLife Stroe |
| 10 | Elzo Direct |
| 11 | Victoper |
| 12 | goodcool |
| 13 | NaDale |
| 14 | ZKHW Store |
| 15 | FrSara |
| 16 | CHIDA3D |

13

| 17 | ioutdoor |
|---|---|
| 18 | Tiehululu |
| 19 | jiayishangmaogongsi |
| 20 | CoGadget |
| 21 | Yohinsiz Direct |
| 22 | Aeergured-US |
| 23 | YunLovXee |
| 24 | Pegasa |
| 25 | oeicorporation |
| 26 | Dandelionwall |
| 27 | TRIIFON |
| 28 | Geolinca |
| 29 | I.SAKEN |
| 30 | YzoeGzroe Boutique |
| 31 | OHLGT |
| 32 | Joybuy |
| 33 | BEINOU |
| 34 | LEED |
| 35 | Weavehouse LLC |
| 36 | Boomile |
| 37 | ARTECKS |
| 38 | Joybuy Express |
| 39 | Meiliwanju |
| 40 | Youare Tech |
| 41 | WINNER |
| 42 | Whatever You Like |
| 43 | Fule |
| 44 | Weekend |
| 45 | YanWangLuo Technology Co., Ltd |
| 46 | Chunnuan |
| 47 | Center V |

| 48 | Huaxnn |
|----|--------|
| 49 | Cogfs |
| 50 | Leke |
| 51 | luoshan95 |
| 52 | xkhappy22 |
| 53 | bazaaroutlet |
| 54 | mrssido-87 |
| 55 | sapipol_22 |
| 56 | ginaax3 |
| 57 | kegsbazaar |
| 58 | devdil_0 |
| 59 | avit_nev |
| 60 | best_offer100 |
| 61 | bobbys.goods |
| 62 | malk7364 |
| 63 | khalji-0 |
| 64 | godlydove |
| 65 | qnecolife |
| 66 | starrygram-5796 |
| 67 | aqous_mart.lk |
| 68 | siyatadishmaya26 |
| 69 | asaf_shop6 |
| 70 | xkcoolgo |
| 71 | olong932 |
| 72 | tawesri66 |
| 73 | buffnstuff08 |
| 74 | cintags |
| 75 | xkeasybuy22 |
| 76 | yaniv_4813 |
| 77 | yuenuli |
| 78 | alejcr_55 |

| 79 | edirithu_0 |
| 80 | gavrie-57 |
| 81 | patricke_92 |
| 82 | jahstoyvault |
| 83 | qnecobuy |
| 84 | liord_60 |
| 85 | yaonsa0 |
| 86 | norwoodgoods |
| 87 | xksuperstore |
| 88 | chchris-93 |
| 89 | sdjck005 |
| 90 | xkstore23 |
| 91 | kunghei666 |
| 92 | golden-frog |
| 93 | hutoko-5 |
| 94 | famouskaracter |
| 95 | k.zamora |
| 96 | alytha |
| 97 | bestbuystore1 |
| 98 | qngobike |
| 99 | silmi_36 |
| 100 | homi_6676 |
| 101 | samfawe-0 |
| 102 | crushblow1231 |
| 103 | boxysquare |
| 104 | betterforever3 |
| 105 | oldmit39 |
| 106 | marvshop |
| 107 | kaloyadzhurko-0 |
| 108 | durave_68 |
| 109 | trendy2477 |

| 110 | adclar64 |
| 111 | yariv_store |
| 112 | j.be_7623 |
| 113 | wan95dd |
| 114 | alkhatib100 |
| 115 | swiftselectstore |
| 116 | dorovaynstie-0 |
| 117 | omnitelwireless |
| 118 | extra.plus |
| 119 | naordavid123 |
| 120 | bestmartonline-2 |
| 121 | tamirm75 |
| 122 | goodtimebuying |
| 123 | quantum-goods |
| 124 | zyzbo-37 |
| 125 | chandikachandika |
| 126 | micdr3579 |
| 127 | homlix |
| 128 | marlakti0 |
| 129 | nirin_0 |
| 130 | eliyahu50 |
| 131 | diyamaya_0 |
| 132 | ericy23 |
| 133 | avi_bend |
| 134 | vinchek |
| 135 | 2mart2015 |
| 136 | 11noamt |
| 137 | ongun_store |
| 138 | suli_yoss |
| 139 | comfortblaze |
| 140 | realistic-poetry-international |

| 141 | beastinnewyork |
|-----|----------------|
| 142 | matontsjack |
| 143 | parcel_direct |
| 144 | khalkedon.store |
| 145 | thenewnorm_24 |
| 146 | anmaha-42 |
| 147 | chn-store |
| 148 | familystore_2 |
| 149 | ayelet_store |
| 150 | simons-store |
| 151 | zenlos1234 |
| 152 | tinycubby123 |
| 153 | yasis8 |
| 154 | veredazulay |
| 155 | jarexmcm |
| 156 | wafatarbia59 |
| 157 | sunboy-happy |
| 158 | eli_shop20 |
| 159 | ausolv77 |
| 160 | yenoticohen5 |
| 161 | livinextra |
| 162 | vissif-0 |
| 163 | ziz218 |
| 164 | aurora2022-9 |
| 165 | henanyiman |
| 166 | aldbar71 |
| 167 | gismadhu_21 |
| 168 | founisshlomi |
| 169 | jcshop21 |
| 170 | arabeellc |
| 171 | laev_24_7 |

| 172 | xkongood21 |
|---|---|
| 173 | see_first_stores |
| 174 | markshopusa |
| 175 | besile234 |
| 176 | spawnandcage |
| 177 | shanikdia-7 |
| 178 | plum73pro |
| 179 | krismatt7552 |
| 180 | jinshan2013 |
| 181 | auto_buystore |
| 182 | josh-15-9 |
| 183 | xiaolinglee |
| 184 | jasleny |
| 185 | pahutag_94 |
| 186 | ottostore |
| 187 | romu1827 |
| 188 | varietyaisle |
| 189 | tushtush |
| 190 | sven666 |
| 191 | chrismee35 |
| 192 | xxsleepw-36 |
| 193 | gejolak-49 |
| 194 | masterdeal_by_nir |
| 195 | hennieworth |
| 196 | goodlifehu |
| 197 | dizon.group |
| 198 | topofpop |
| 199 | zekra.store |
| 200 | marketplace_advantage |
| 201 | anastasia1984-34 |
| 202 | nomanoma |

| 203 | trade-preference |
|---|---|
| 204 | corpmine |
| 205 | jarsi_0 |
| 206 | tomato165 |
| 207 | houseofaces |
| 208 | proplumbingsupply |
| 209 | everydayideas |
| 210 | chgut_6425 |
| 211 | zo-776523 |
| 212 | therabbit122 |
| 213 | strick1-5830 |
| 214 | irmarz_0 |
| 215 | directimports1899 |
| 216 | americansupplywholesale |
| 217 | wakusr0 |
| 218 | aleli-719 |
| 219 | ge2036 |
| 220 | elvak-24 |
| 221 | msylle |
| 222 | abba_store1 |
| 223 | noa-trends |
| 224 | yukoshop4you |
| 225 | daborvalencia |
| 226 | statewide_8 |
| 227 | moasus-store |
| 228 | talofri12 |
| 229 | qualityacx |
| 230 | rainbowluo |
| 231 | cadencewarren |
| 232 | coco-tree |
| 233 | zious19 |

| | |
|---|---|
| 234 | oneclickstore2012 |
| 235 | nare-391411 |
| 236 | gadi_store |
| 237 | free112 |
| 238 | ksharward |
| 239 | easyyourlifestore |
| 240 | itana98 |
| 241 | recommend_2 |
| 242 | wicam-4456 |
| 243 | onlincanada |
| 244 | golala8 |
| 245 | chang-9711 |
| 246 | duomin_87 |
| 247 | laviemporium |
| 248 | fakhu_92 |
| 249 | ceylon-herb-house |
| 250 | startbeg8 |
| 251 | juragan-tawon |
| 252 | shonti_shop |
| 253 | nuhikm0 |
| 254 | greatdealsglobal_2020 |
| 255 | hifa_4897 |
| 256 | dilmi_emart |
| 257 | lyshu81 |
| 258 | gboxbeauty |
| 259 | jamboclick |
| 260 | odgrin0 |
| 261 | eshopbestdeals1992 |
| 262 | primealfa |
| 263 | gmstore_0 |
| 264 | llly_7419 |

| 265 | sarazone |
|---|---|
| 266 | wenwange |
| 267 | pishposhdesigns |
| 268 | alfrdav0 |
| 269 | selectsky |
| 270 | theinevitable |
| 271 | maycolgold-7 |
| 272 | lawnify |
| 273 | stockstation |
| 274 | alasmar-97 |
| 275 | mizoseong |
| 276 | shopgeniusdeals |
| 277 | gentleman-store |
| 278 | weddingmall2017 |
| 279 | jinyingying |
| 280 | inodbakulbebek |
| 281 | oxostore |
| 282 | brookroth |
| 283 | onenicemallstore |
| 284 | weilise-73 |
| 285 | hunmgb |
| 286 | sportsloving |
| 287 | idbenb0 |
| 288 | desvic24-8 |
| 289 | giftsbyjohn |
| 290 | halleluer |
| 291 | newlifefr |