**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Jisu Technology Co., LTD, | ) |
| Plaintiff, | ) Case No.: 1:23-cv-14016 |
| v. | ) Hon. Judge Lindsay C. Jenkins |
| The Entities and Individuals Identified in Annex A, | ) Mag. Judge Jeffrey Cole |
| Defendants. | ) |

**Defendant's Motion for Extension of Time**

**NOW COMES** defendant jiayishangmaogongsi ("Defendant"), by and through its undersigned counsel, and requests a short extension of time to respond to the Complaint and states as follows:

1. Plaintiff filed its Complaint on September 22, 2023. [Dkt. 1].

2. Defendant was ostensibly not served with process until October 16, 2023. [Dkt. 19].

3. Defendant opposed Plaintiff's motion for entry of a preliminary injunction, such opposition being successful in-part. [Dkt. 45]. Defendant has been substantively engaged with Plaintiff in parallel settlement discussions, including the exchange of evidence and offers. Defendant requires a short additional time to exhaust the prospect of settlement before responding to the Complaint. Defendant submits that a short extension will not materially prejudice Plaintiff as default judgment may be entered against defaulting defendants separately, and a short extension will help avoid unnecessary substantive motion practice.

4. This Court may, for good cause, extend the time by which a defendant's responses are due after the time has expired if the defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of

Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document sixteen days late where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

5. Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to January 9, 2023.

6. This motion has been filed in good faith and is not interposed for purposes of delay.

7. This is the first motion for an extension of time filed by Defendant in this case.

8. On December 18, 2023, Defendant requested whether Plaintiff would oppose Defendant's proposed extension. As of the filing of this motion, Plaintiff has not yet expressed whether it does.

**WHEREFORE**, Defendant prays that the Court will enter an order:

a) extending the time for Defendant to respond to Plaintiff's Complaint, if ultimately necessary, until January 9, 2023.

Dated this December 19, 2023

        Respectfully Submitted,

        /s/Adam E. Urbanczyk
        Adam E. Urbanczyk

Brian Swift
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
brians@au-llc.com
*Counsel for Defendant*